■ AVIS BROWN, an Infant, by His Father, MATTHEW BROWN, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Surpeme Court, New York County, entered on August 2, 1977, unanimously affirmed on the opinion of Fein, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Lupiano, Birns, Yesawich and Sandler, JJ.

■ ANTHONY CONCRETE CORPORATION, Respondent, v CARBAR CONSTRUCTION CORP. et al., Defendants-Appellants, et al., Defendants.—Order of June 27, 1977 and judgment of July 13, 1977 of the Supreme Court, New York County, which granted the plaintiff's motion for partial summary judgment in the sum of $20,385.98 plus interest, unanimously modified, on the law, without costs and without disbursements, to reduce the judgment to $10,411.73, and otherwise affirmed. Plaintiff had a subcontract under an arrangement whereby the defendants-appellants were general contractors with the Dormitory Authority of New York State for the construction of a college student center. Plaintiff was ordered to and performed extra work. The general contractor having paid $160,000 due under the contract, the plaintiff sued for the difference for the extra work. The defendant concedes that a sum of $24,090 for extra work was proper, but counterclaims for $15,168 for work which it claims it had to do to correct or complete the subcontractor's job. Included in this counterclaim are sums for which the plaintiff has received payment and for which the plaintiff makes claims for payment. In addition, the defendants-appellants contend that under the terms of the contract with the Dormitory Authority, 6% of the over-all job was retained by the Dormitory Authority pending final completion and acceptance. The examination before trial of the defendants-appellants' witness indicates that $37,425.24 is a justifiable amount in controversy. Deducting therefrom the amount of the counterclaim (which, of course, may include items for which the plaintiff makes claim for payment) plus the retainage of 6% of $197,425.24, leaves a balance of $10,411.73, for which partial summary judgment is granted. Concur—Kupferman, J. P., Birns, Silverman, Evans and Fein, JJ.

■ In the Matter of HERBERT NAGLE, Respondent, v PRISCILLA CUNNINGHAM, Appellant.—Order, Supreme Court, New York County, entered August 8, 1977, denying the appellant's motion for summary judgment, unanimously affirmed, without costs and without disbursements. In 1963, the parties entered into a separation agreement providing, among other things, for the petitioner father to make payments of $600 per annum for support of the sole child, the custody of whom was given to the appellant wife. Some 13 years went by, during which the petitioner was abroad and made no payments nor visited the child. He now seeks visitation, and the appellant asks for an order of protection to enjoin the petitioner from communicating with the son, and a hearing is scheduled. Inasmuch as it is the best interest of the child with which we are concerned, we should not by summary judgment foreclose the possibility, however doubtful, that visitation might be beneficial. However, as evidence of the father's good faith, it would be in order for the court to require that the payments for the support of the child, long past due, should be made. Concur—Kupferman, J. P., Silverman, Evans, Lane and Sullivan, JJ.